JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
AGNES WILLIAMS and JOHNNY WILLIAMS

**DEFENDANTS**
AMTRAK and NATIONAL RAILROAD PASSENGER CORPORATION

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JEFFREY M. ROSENBAUM ROSENBAUM & ASSOC., 1818 MARKET ST., STE 3200, PHILA., PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [x] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____
Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 6/2/25

SIGNATURE OF ATTORNEY OF RECORD /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

10/2024

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Red Cap at 30th St. Station, 2955 Market St., Phila, PA_

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?   Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Wage and Hour Class Action/Collective Action
6. Patent
7. Copyright/Trademark
8. Employment
9. Labor-Management Relations
10. Civil Rights
11. Habeas Corpus
12. Securities Cases
13. Social Security Review Cases
14. Qui Tam Cases
15. Cases Seeking Systemic Relief *see certification below*
16. All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. ☒ Other Personal Injury *(Please specify)*:_____
7. Products Liability
8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY M. ROSENBAUM, ESQUIRE
1818 Market Street, Suite 3200
Philadelphia, PA 19103
(215)569-0200

|  |  |
|---|---|
| AGNES WILLIAMS and JOHNNY WILLIAMS, as h/w<br>5651 McMahon Street<br>Philadelphia, PA 19144<br><br>　　　　　　　　　Plaintiffs<br>vs.<br><br>AMTRAK<br>1 Massachusetts Avenue NW<br>Washington, DC 20001<br>and<br>NATIONAL RAILROAD PASSENGER CORPORATION<br>1 Massachusetts Avenue NW<br>Washington, DC 20001<br><br>　　　　　　　　　Defendants | :<br>:<br>:<br>:<br>: JURY TRIAL DEMAND<br>:<br>:<br>: NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CIVIL ACTION-PREMISES LIABILITY

## JURISDICTION AND VENUE

1. The plaintiffs, Agnes Williams and Johnny Williams, are husband and wife and citizens of the Commonwealth of Pennsylvania, with their domicile being 5651 McMahon Street, Philadelphia, PA 19144.

2. The defendant, Amtrack, is a corporation, limited liability company, partnership or fictitious name of an individual or individuals, with a principal place of business located at 1 Massachusetts Avenue NW, Washington, DC 20001.

3. The defendant, National Railroad Passenger Corporation, is a corporation, limited liability company, partnership or fictitious name of an individual or individuals,

with a principal place of business located at 1 Massachusetts Avenue NW, Washington, DC 20001.

4. The United States District Court of the Eastern District of Pennsylvania has original jurisdiction over this action pursuant to 28 U.S.C. Sec. 1331 because Amtrak was created by an Act of Congress, 49 U.S.C. Sec. 24101 et. seq., and more than half of its corporate stock is owned by the federal government.

5. At all times relevant hereto, the defendants were acting through their agents, servants and/or employees within the course and scope of their employment, and the doctrine of Respondeat Superior is invoked herein.

6. At all times relevant hereto all defendants were acting as the agents, servants, workmen and/or employees of all other named defendants.

## STATEMENT OF CLAIM

## COUNT I

## PLAINTIFF, ANGES WILLIAMS, vs. ALL DEFENDANTS

7. The plaintiff, Anges Williams, hereby incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

8. At all times relevant hereto, defendants had under their care, direction, supervision, control and maintenance the premises and train platform located at 30th Street Station, 2955 Market Street, Philadelphia, Pennsylvania, and it was the defendant's duty to keep and maintain said premises and train platform in a reasonably safe condition.

9. On or about the 26th day of November, 2024 and at all times relevant hereto, plaintiff, Anges Williams, was visually impaired and was receiving Red Cap

Service at 30th Street Station, 2955 Market Street, Philadelphia, Pennsylvania.

10. On or about the 26th day of November, 2024, at approximately 11:30 a.m., a dangerous, negligent and/or defective condition existed on the premises as aforesaid and defendants knew or should have known of the existence of same.

11. On the aforesaid date, the plaintiff, Agnes Williams, lawfully was on the platform of defendants premises, attempting to board a train, when by reason of the negligence of the defendants, the plaintiff was caused to trip, slip, stumble and/or fall due to a gap between the platform and train, resulting in plaintiff's leg becoming caught in the gap, a result of which caused plaintiff to sustain severe and serious injuries more fully described hereinafter.

12. The defendants knew or should have known of the existence of the hazardous and dangerous condition on the aforesaid premises and street/walkway.

13. The carelessness and/or negligence of the defendants consisted of the following:

   a. Failing to maintain said premises and train platform in a safe and reasonable condition for persons such as the plaintiff using said premises and train platform;

   b. Failing to reasonably inspect said premises and train platform to ascertain the existence of the negligent condition when defendants knew or should have known of the existence of said negligent condition;

   c. Failing to warn persons on the premises and train platform of the negligent and/or defective condition;

   d. Failing to properly and adequately repair said premises and train platform;

   e. Failing to properly assist plaintiff, who is visually impaired, onto the train;

   f. Failing to ensure that a ramp was in place between the platform and the train so as to prevent incidents such as plaintiff's;

    g.    Negligently allowing said defect to remain on said premises and train platform;

    h.    Failing to properly supervise persons maintaining defendants' premises and train platform; and,

    i.    Failing to respond to requests to remedy said defective condition.

14. Solely because of the negligence of the defendants acting as aforesaid, the plaintiff was caused to sustain serious physical injury in and about the person, including but not limited to plaintiff's shoulder, foot and ankle, as well as a severe shock to the nerves and nervous system and was or may have been otherwise injured, whereby plaintiff has suffered and may continue to suffer in the future and/or may be permanent.

15. The plaintiff may have sustained other injuries and pre-existing conditions may have been aggravated.

16. The plaintiff avers that some or all of the injuries sustained may be or are of a permanent nature and character.

17. As a further result of the aforesaid accident, plaintiff has been unable in the past, and is likely to continue to be unable in the future, to attend to plaintiff's usual duties, activities, vocations and avocations, all to plaintiff's great financial loss and detriment.

18. As a further result of the aforesaid accident and resultant injuries, plaintiff has expended and is in the future likely to expend substantial sums of monies for the care, treatment and attempted cure of plaintiff's injuries, all to plaintiff's great financial loss and detriment.

19. As a further result of the aforesaid accident and resultant injuries, plaintiff has been caused to undergo in the past and is likely to undergo in the future, severe pain, suffering, inconvenience and embarrassment, all to plaintiff's great financial loss and detriment.

**WHEREFORE,** plaintiff, Anges Williams, demands judgment against the defendants, Amtrack and National Railroad Passenger Corporation, in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT II

### PLAINTIFF, JOHNNY WILLIAMS, vs. ALL DEFENDANTS

20. The plaintiff, Johnny Williams, hereby incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

21. Plaintiff avers that he is the spouse of plaintiff, Anges Williams.

22. As a result of the aforementioned occurrence, said plaintiff has been and may in the future be required to expend various sums of money for medical services, medicines and/or x rays in an effort to treat and cure the spouse of the injuries sustained in the occurrence and has incurred or may incur other losses for which plaintiff is entitled to be compensated.

23. Further, by reason of the aforesaid, said plaintiff has been deprived of the assistance and society of the spouse, all of which has been to the great financial damage and loss of plaintiff.

WHEREFORE, plaintiff, Johnny Williams, demands judgment against the

defendants, Amtrack and National Railroad Passenger Corporation, in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

        ROSENBAUM AND ASSOCIATES, P.C.

By: _____
        JEFFREY M. ROSENBAUM, ESQUIRE
        Attorney for Plaintiffs

DATE: